1  Lawrence Brewster
   Regional Solicitor
2  Pamela W. McKee
   Associate Regional Solicitor
3  **Daniel J. Chasek**, Attorney (CSBN #186968)
   Office of the Solicitor (Sol#0717908)
4  United States Department of Labor
   350 So. Figueroa St., Suite 370
5  Los Angeles, California 90071-1202
         Telephone: (213) 894-4225
6        Facsimile:  (213) 894-2064
7  chasek.daniel@dol.gov

8  Attorneys for the Plaintiff

9

                  UNITED STATES DISTRICT COURT
10
                  CENTRAL DISTRICT OF CALIFORNIA
11

12  **ELAINE L. CHAO,**                )   Case No. 07-07742 PSG (CWx)
         Secretary of Labor,            )
13       United States Department of Labor, )
                                        )
14              Plaintiff,              )
                                        )
15          v.                          )   **CONSENT JUDGMENT**
                                        )
16  **2000 Sports, Inc.,** a California corporation; )
17  **D & A Sports, Inc.,** a California corporation )
    and successor in interest;         )
18  **Steven Lam,** Individually and as Managing )
    Agent of the Corporate Defendant;  )
19  **Diana Lam,** Individually and as Managing )
    Agent of the Corporate Defendant; and )
20  **Todd Hua,** Individually and as    )
      Managing Agent of Corporate Defendant, )
21                                      )
                Defendants.             )
22

23  ────────────────────────────────

24          Plaintiff Elaine L. Chao, Secretary of Labor, United States Department of Labor
25  ("Secretary") and defendants 2000 Sports, Inc., D & A Sports, Inc., both California cor-
26  porations, Steven Lam, Diana Lam, and Todd Hua, individually and as managing agents
27  of the corporate defendants (collectively, "Defendants"), have agreed to resolve the mat-
28  ters in controversy in this civil action and consent to the entry of this Consent Judgment

1  in accordance herewith:

2        A.    The Secretary has filed a Complaint alleging that Defendants violated pro-
3  visions of Sections 15(a)(2) and 15(a)(5) of the Fair Labor Standards Act of 1938, as
4  amended ("FLSA"), 29 U.S.C. §§ 215(a)(2) and 215(a)(5).

5        B.    Defendants have appeared by counsel and acknowledge receipt of a copy of
6  the Secretary's Complaint. Defendant D & A Sports, Inc. waives answer and any de-
7  fenses to the Secretary's Complaint.

8        C.    Due to discrepancies in their time-keeping record system, Defendants admit
9  that the FLSA was violated.

10        D.    The Secretary and Defendants waive Findings of Fact and Conclusions of
11  Law, and agree to the entry of this Consent Judgment in settlement of this action, with-
12  out further contest.

13        E.    Defendants admit that the Court has jurisdiction over the parties and subject
14  matter of this civil action and that venue lies in the Central District of California.

15        It is therefore, upon motion of the attorneys for the Secretary, and for cause
16  shown,

17        ORDERED, ADJUDGED, AND DECREED that the Defendants, their officers,
18  agents, servants, and employees and those persons in active concert or participation with
19  them who receive actual notice of this order (by personal service or otherwise) be, and
20  they hereby are, permanently enjoined and restrained from violating the provisions of
21  Sections 15(a)(2) and 15(a)(5) of the FLSA, 29 U.S.C. §§ 215(a)(2) and 215(a)(5), in
22  any of the following manners:

23        1.  Defendants shall not, contrary to FLSA § 6, 29 U.S.C. § 206, pay any em-
24  ployee who in any workweek is engaged in commerce or the production of goods for
25  commerce, within the meaning of the FLSA, or is employed in an enterprise engaged in
26  commerce or in the production of goods for commerce, within the meaning of FLSA
27  § 3(s), wages at a rate less than $6.55 an hour (or less than the applicable minimum rate
28  as may hereafter be established by amendment to the FLSA).

**Consent Judgment** (Sol#0717908))                                           **Page 2 of 9**

2.  Defendants shall not, contrary to FLSA § 7, 29 U.S.C. § 207, employ any em-
ployee who in any workweek is engaged in commerce or in the production of goods for
commerce, within the meaning of the FLSA, or is employed in an enterprise engaged in
commerce or in the production of goods for commerce, within the meaning of FLSA
§ 3(s), for any workweek longer than 40 hours unless such employee receives compensa-
tion for his or her employment in excess of 40 hours in such workweek at a rate not less
than one and one-half times the regular rate at which he or she is employed.

3.  Defendants shall not fail to make, keep, make available to authorized agents of
the Secretary for inspection, transcription, and/or copying, upon their demand for such
access, and preserve records of employees and of the wages, hours, and other conditions
and practices of employment maintained, as prescribed by regulations issued, and from
time to time amended, pursuant to FLSA §§ 11(c) and 15(a)(5), 29 U.S.C. §§ 211(c) and
215(a)(5) and the implementing regulations found in Title 29, Code of Federal Regula-
tions, Part 516.

4.  Defendants shall not, contrary to FLSA § 15(a)(1), transport, offer for transpor-
tation, ship, deliver, or sell in commerce (or ship, deliver, or sell with knowledge or rea-
son to believe that shipment, delivery, or sale in commerce is intended) goods in the
production of which any employee has been employed in violation of FLSA §§ 6 and/or
7, 29 U.S.C. §§ 206 and/or 207.

5.  Defendants, jointly and severally, shall not continue to withhold the payment
of $66,768.03, the unpaid balance of $72,268.03 in minimum wage and overtime pay
hereby found to be due under the FLSA to 20 employees, as a result of their employment
by defendants during the period of February 15, 2005 through July 25, 2008 as set forth
in the attached Exhibit 1, showing the name of each employee and listing on the same
line the gross backwage amount due the employee and the period covered by the Con-
sent Judgment.

6.  Defendants, jointly and severally, shall not continue to withhold the payment
of the additional amount of $5,731.97 as and for unpaid civil money penalties assessed

1  against the defendants and finally determined, pursuant to authority granted in FLSA §
2  16(e), for violations of the minimum wage and overtime pay provisions of the FLSA
3  during the period of February 15, 2005 through July 25, 2008.
4      7.  Defendants shall pay the backwages and civil money penalty, plus 5% annual
5  interest on the outstanding balance starting from August 15, 2008 until the backwages
6  required under this Judgment are paid in full, as set forth in paragraph 8 below (and as
7  set forth in attached exhibit 2).  Each payment shall be made by a certified or cashier's
8  check or money order with the firm name and "BWs + Interest" written on each, payable
9  to the order of the "Wage & Hour Div., Labor," and delivered to the U.S. Department of
10 Labor, Wage and Hour Division, 100 N. Barranca Street, W. Covina, CA, 91791, on or
11 before the date the payment is due.
12      8.  Defendants shall deliver to the Wage and Hour Division, United States De-
13 partment of Labor, 100 N. Barranca Street, W. Covina, CA, 91791, the following:
14         a. On or before August 15, 2008, a schedule in duplicate bearing the firm
15     name, employer identification number(s), address, and phone number of the de-
16     fendants and showing the name, last known (home) address, social security num-
17     ber, and gross backwage amount for each person listed in the attached Exhibit 1;
18         b. On or before August 15, 2008, and again on or before the first day of
19     each of the 9 months thereafter, a certified or cashier's check or money order with
20     the firm name and "BWs + Interest" written on each, payable to the order of the
21     "Wage & Hour Div., Labor," in the amount of $6,222.62;
22         c. On or before June 15, 2009, a certified or cashier's check or money order
23     with the firm name and "BWs + Interest" written on each, payable to the order of
24     the "Wage & Hour Div., Labor," in the amount of $6,222.59;
25         d. On or before July 15, 2009, a certified or cashier's check or money order
26     with the firm name and "CMPs" written on each, payable to the order of the
27     "Wage & Hour Div., Labor," in the amount of $5,731.97;
28         e. In the event of a default in the timely making of any of the payments

**Consent Judgment** (Sol#0717908))                                      **Page 4 of 9**

specified herein, the full amount under the backwage provisions of this Judgment which then remains unpaid, plus interest at the rate of ten percent (10%) per year, from the date of this Judgment until the full amount of this Judgment is paid in full, shall become due and payable upon the Secretary's sending by ordinary mail a written demand to the last business address of the Defendants then known to the Secretary;

e.   There will be no pre-payment penalty in the event the Defendants pay the full amounts due under the monetary provisions of this Judgment prior to the dates set forth above.

9.   The Secretary shall allocate and distribute the remittances, or the proceeds thereof, to the persons named in the attached Exhibit 1, or to their estates if that be necessary, in her sole discretion, and any money not so paid within a period of three years from the date of its receipt, because of an inability to locate the proper persons or because of their refusal to accept it, shall be then deposited in the Treasury of the United States, as miscellaneous receipts, pursuant to 29 U.S.C. § 216(c); and, it is further

ORDERED that the filing, pursuit, and/or resolution of this proceeding with the entry of this Judgment shall not act as or be asserted as a bar to any action under FLSA § 16(b), 29 U.S.C. § 216(b), as to any employee not named on the attached Exhibit 1 nor as to any employee named on the attached Exhibit 1 for any period not specified therein; and, it is further

ORDERED that each party shall bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding, including but not limited to attorneys' fees, which may be available under the Equal Access to Justice Act, as amended; and, it is further

ORDERED that this Court shall retain jurisdiction of this action for purposes of enforcing compliance with the terms of this Consent Judgment.

Dated: _____, _____.

_____
U.S. DISTRICT COURT JUDGE

For the Defendants:

Each defendant hereby appears, waives any
defense herein, consents to the entry of
this Judgment, and waives notice by the
Clerk of Court:

For: 2000 Sports, Inc.

By: _____

Authorized Agent

7/23/08

Date

Its: _____

For: D & A Sports, Inc.

By: _____

Authorized Agent

7/23/08

Date

Its: President

STEVEN LAM

7/23/08

Date

DIANA LAM

7/23/08

Date

TODD HUA

7/23/08

Date

THE BANDER LAW FIRM

_____
Cathe Caraway-Howard
Attorneys for the Defendant 2000 Sports Inc.,
Steve Lam, Diana Lam and Todd Hua

_____
Date

1  For the Defendants:

2  Each defendant hereby appears, waives any
3  defense herein, consents to the entry of
   this Judgment, and waives notice by the
4  Clerk of Court:

5

6  For: 2000 Sports, Inc.

7  By: _____        7/23/08
8       Authorized Agent                       Date

9

10 Its: _____

11 For: D & A Sports, Inc.

12 By: _____        7/23/08
13      Authorized Agent                       Date

14

15 Its: President

16

17 _____            7/23/08
   STEVEN LAM                                  Date

18

19 _____            7/23/08
20 DIANA LAM                                   Date

21 _____            7/23/08
22 TODD HUA                                    Date

23

24 THE BANDER LAW FIRM, LLP

25

26 _____            7/30/08
   Cathe Caraway-Howard                        Date
27 Attorneys for the Defendant 2000 Sports Inc.,
28 Steve Lam, Diana Lam and Todd Hua

DOO & CHONG

Robert Chong, Esq.                              7/24/08
                                               Date

Attorneys for Defendant D & A Sports, Inc.


For the plaintiff:

GREGORY F. JACOB
Solicitor of Labor

LAWRENCE BREWSTER
Regional Solicitor

PAMELA W. McKEE
Associate Regional Solicitor

                                               7/31/08
DANIEL J. CHASEK, Attorney                     Date
Attorneys for the Plaintiff

EXHIBIT 1

| NAME OF EMPLOYEE | PERIOD COVERED | GROSS BACKWAGES |
|---|---|---|
| Cisneros, Fabiola | 6/3/06 – 7/25/08 | 4,543.83 |
| Cuapio, Emma | 8/26/06 – 7/25/08 | 475.53 |
| De la Torre, Angelica | 2/26/05 – 7/25/08 | 4,330.91 |
| Diego, Juana | 2/26/05 – 7/25/08 | 2,829.99 |
| Dominguez, Agripina | 3/26/05 – 7/25/08 | 13,062.65 |
| Flores, Juan | 2/26/05 – 7/25/08 | 1,329.16 |
| Flores, Julio | 9/24/05 – 7/25/08 | 561.61 |
| Gonzales Cano, Samuel | 6/3/06 – 7/25/08 | 3,966.87 |
| Lopez Martinez, Florentina | 12/3/05 – 7/25/08 | 517.46 |
| Macias, Graciela, G | 5/6/06 – 7/25/08 | 9,644.40 |
| Morales, Isabel M | 2/26/05 – 7/25/08 | 3,892.31 |
| Morales, Juan C | 2/26/05 – 7/25/08 | 1,467.15 |
| Morales, Ramon | 2/26/05 – 7/25/08 | 816.40 |
| Nava, Juana | 4/22/06 – 7/25/08 | 3,377.31 |
| Saavedra, Issac | 3/12/05 – 7/25/08 | 1,547.67 |
| Tapia, Apolinar | 2/10/07 – 7/25/08 | 33.00 |
| Tomas, Maria M | 7/15/06 – 7/25/08 | 4,150.15 |
| Valenzuela, Lucina | 3/26/05 – 7/25/08 | 2,153.32 |
| Valeriano, Maria | 2/25/06 – 7/25/08 | 10,009.73 |
| Zamora, Fabiola O | 7/15/06 – 7/25/08 | 3,558.58 |

EXHIBIT 2

## 2000 Sports, Inc.
### Payment Plan

| Payment No. | Date Due | Amount Due | Interest Due | Total Due |
|---|---|---|---|---|
| 1 | 08/15/2008 | $5,944.42 | $278.20 | $6,222.62 |
| 2 | 09/15/2008 | $5,969.19 | $253.43 | $6,222.62 |
| 3 | 10/15/2008 | $5,994.06 | $228.56 | $6,222.62 |
| 4 | 11/15/2008 | $6,019.04 | $203.58 | $6,222.62 |
| 5 | 12/15/2008 | $6,044.11 | $178.51 | $6,222.62 |
| 6 | 01/15/2009 | $6,069.30 | $153.32 | $6,222.62 |
| 7 | 02/15/2009 | $6,094.59 | $128.03 | $6,222.62 |
| 8 | 03/15/2009 | $6,119.98 | $102.64 | $6,222.62 |
| 9 | 04/15/2009 | $6,145.48 | $77.14 | $6,222.62 |
| 10 | 05/15/2009 | $6,171.09 | $51.53 | $6,222.62 |
| 11 | 06/15/2009 | $6,196.77 | $25.82 | $6,222.59 |
| | Totals: | $66,768.03 | $1,680.76 | $68,448.79 |
| 12 | 07/15/2009 | $5,731.97  "CMP" | -- | $5,731.97 |